UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5787 PA (SHx) ;     CV 14-06084 PA (SHx) | Date | October 29, 2014 |
|---|---|---|---|
| Title | Rand-Heart of New York, Inc., et al. v. NetSol Technologies, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     IN CHAMBERS - ORDER

Before the Court is a Motion for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel and Liaison Counsel filed by Rand-Heart of New York, Inc. ("Rand-Heart") (Docket No. 24).

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing scheduled for October 27, 2014 is vacated, and the matter taken off calendar.

I.      **Factual & Procedural Background**

On July 25, 2014, Rand-Heart filed a putative class action against NetSol Technologies, Inc. ("NetSol") on behalf of persons who purchased or otherwise acquired NetSol's securities between November 12, 2009 and November 8, 2013. The Complaint alleges (1) violations of Section 10(b) of the Exchange Act and Rule 10b-5 and (2) violations of Section 20(a) of the Exchange Act, based on improper conduct by NetSol and some of its officers and directors. Among other things, Rand-Heart alleges that NetSol misrepresented the completion date for its "next generation" product, misrepresented potential customers' interest in the product, and misrepresented expected revenues.

On August 4, 2014, Zachary Paulovits ("Paulovits") filed a separate putative class action alleging the same claims on behalf of the same class. See No. 2:14-cv-06084 PA (SHx). This Complaint is largely identical to the Complaint previously filed by Rand-Heart.

Rand-Heart filed its Motion on September 23, 2014, seeking to consolidate the two actions, to appoint Rand-Heart as lead plaintiff, and to approve Rand-Heart's selection of Gainey, McKenna & Egleston as lead counsel and Stull, Stull & Brody as liaison counsel for the class. No parties currently oppose the Motion. Movant Cory Fritzler filed a competing Motion to Consolidate Related Actions and for Appointment as Lead Counsel and Approval of Choice of Counsel (Docket No. 21), but subsequently filed a Notice of Non-Opposition to Rand-Heart's Motion (Docket No. 37). Similarly, movants Kevin Ackerman and Jay Khwaja filed a Motion for Consolidation, Appointment as Lead

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5787 PA (SHx) | Date | October 29, 2014 |
|---|---|---|---|
| Title | Rand-Heart of New York, Inc., et al. v. NetSol Technologies, Inc. | | |

Plaintiff, and Approval of Selection of Counsel (Docket No. 29), but also filed a Notice of Non-Opposition to Rand-Heart's Motion (Docket No. 36). Paulovits has not filed an opposition to Rand-Heart's Motion.

**II.     Consolidation**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires the Court to hear motions to consolidate prior to appointing a lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(B)(ii). A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct., 877 F.2d 777, 777 (9th Cir.1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir.1984).

As a preliminary matter, the Court notes that no party objects to the consolidation of the Rand-Heart action and the Paulovits action. Furthermore, having reviewed and compared the Rand-Heart Complaint and the Paulovits Complaint, the Court finds that the two cases involve similar factual and legal issues. The class periods in both cases are identical. Each action involves the same defendants and alleges violations of sections 10(b) and 20(a) of the Exchange Act. Both actions appear to be based on the same common facts and pose common questions of law. Thus, these two actions are appropriate for consolidation under Fed. R. Civ. P. 42(a). Given these similarities, and the lack of any apparent inconvenience, delay, or expense that would result from consolidating these cases, the Court finds that consolidation of these related actions is appropriate. Accordingly, the cases numbered 2:14-cv-05787 PA (SHx) and 2:14-cv-06084 PA (SHx) are consolidated for all purposes pursuant to Fed R. Civ. P. 42(a).

**III.    Appointment of Lead Plaintiff**

The PSLRA directs the court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interest of the class members. . . ." 15 U.S.C. §78u-4(a)(3)(B)(i). The Ninth Circuit has described the appointment of a lead plaintiff in a case governed by the PSLRA as a three-step process:

> The Reform Act provides a simple three-step process for identifying the lead plaintiff pursuant to these criteria. The first step consists of publicizing the pendency of the action, the claims made and the purported class period. 15 U.S.C. § 78u-4(a)(3(A).
>
> . . .
>
> In step two, the district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the "presumptively most adequate plaintiff"—and hence the presumptive lead plaintiff—the one who "has the largest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5787 PA (SHx) | Date | October 29, 2014 |
|---|---|---|---|
| Title | Rand-Heart of New York, Inc., et al. v. NetSol Technologies, Inc. | | |

financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4)a)(3)(B)(iii)(I).

. . .

The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements.

In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002).

    **A.**    **Notice & Certification**

    With respect to the first step, individuals seeking to be appointed lead plaintiff in a securities class action must satisfy the early notice requirement of the PSLRA by providing notice to class members via publication in a widely circulated national business-oriented publication or wire service within in 20 days of filing the complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). The notice must (1) advise class members of the pendency of the action, the claims asserted therein, and the purported class period and (2) inform potential class members that, within 60 days of the date on which notice was published, any members of the purported class may move the court to serve as lead plaintiff in the purported class. 15 U.S.C. §78u-4(a)(3)(A)(i)(I)-(II). Rand-Heart complied with this requirement by publishing a notice on July 28, 2014 on Globe Newswire.[1]

    A proposed lead plaintiff must also submit a sworn certification stating that he or she has reviewed the complaint, did not purchase the security at the direction of counsel for purposes of participating in a private action, is willing to serve as a representative on behalf of the class, and will not accept any payment for serving as a class representative beyond his or her pro rata share of the recovery. 15 U.S.C. § 78u-4(a)(2)(A). Furthermore, the sworn certification must also set forth all of the proposed lead plaintiff's transactions in the security during the class period, and identify any other securities class action during the past three years in which the individual has sought to serve as a class representative. Id. Rand-Heart has complied with this requirement.

---

[1]     Rand-Heart published <u>two</u> notices on Globe Newswire—one on July 25, 2014, and another on July 28, 2014. Although the Declaration of Thomas J. McKenna, to which these notices are attached as an exhibit, does not explain why Rand-Heart published two notices, it appears that the first notice identified the wrong class period. The second notice corrected this mistake, but introduced another by not updating the date by which members of the putative class were required to move to serve as lead plaintiff: The July 28, 2014 notice identifies September 23, 2014 as the deadline, while the correct deadline was September 26, 2014. Because no parties appear to have been prejudiced by this error, the Court finds that Rand-Heart has satisfied the notice requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5787 PA (SHx) | Date | October 29, 2014 |
|---|---|---|---|
| Title | Rand-Heart of New York, Inc., et al. v. NetSol Technologies, Inc. | | |

### B.    Largest Financial Interest Presumption

The PSLRA provides a rebuttable presumption that the person or group of persons with the largest financial interest in the relief sought by the class is the plaintiff "most adequately" situated to represent the class as lead plaintiff, provided this person or group of persons otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).  Rand-Heart is the presumptively most adequate plaintiff given that it incurred losses of approximately $153,709.20 in connection with its purchases of NetSol stock during the Class Period.  No other putative class members have asserted that they have a larger financial interest than Rand-Heart.  As such, the record before the Court indicates that Rand-Heart has the largest financial interest in the relief sought.

### C.    Presumption Not Rebutted

The presumption discussed above may be rebutted by evidence that the plaintiff would not fairly and adequately represent the interest of the class.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  No parties have submitted evidence suggesting that this is the case.  Moreover, Rand-Heart appears to satisfy the Rule 23 typicality and adequacy requirements.  Rand-Heart suffered the same injuries as the other putative class members as a result of the same course of conduct.  There is no indication that Rand-Heart's interests are antagonistic to the interests of absent class members.  Accordingly, the Court finds that Rand-Heart is the most adequate lead plaintiff.

## IV.    Appointment of Lead Counsel

"While appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff."  In re Cavanaugh, 306 F.3d at 734; 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").  Here, Rand-Heart has chosen Gainey, McKenna & Egleston as lead counsel and Stull, Stull & Brody as liaison counsel for the class.  Based on the record before the Court, these firms appear to have the requisite experience in securities litigation to protect the interests of the putative class.

### Conclusion

For the foregoing reasons, the Court grants Rand-Heart's Motion.  (Docket No. 24.)  The Court denies Rand-Heart's Stipulation Consolidating Related Actions and Providing for the Filing of a Consolidated Complaint by Lead Plaintiff.  (Docket No. 41.)  The Court denies the competing motions filed by Cory Fritzler (Docket No. 21) and Kevin Ackerman and Jay Khwaja (Docket No. 29).  Accordingly, the Court also orders the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5787 PA (SHx) | Date | October 29, 2014 |
|---|---|---|---|
| Title | Rand-Heart of New York, Inc., et al. v. NetSol Technologies, Inc. | | |

1. The Clerk shall consolidate the Rand-Heart and Paulovits actions such that the lower-numbered case, 2:14-cv-05787 PA (SHx), is designated the Master File. All documents filed hereafter shall bear the Master File case number and the following caption:

   In re NetSol Technologies, Inc.      )      Case No. 2:14-cv-05787 PA (SHx)
   Securities Litigation                )      Class Action

2. The Court appoints Rand-Heart as Lead Plaintiff.

3. The Court appoints Gainey, McKenna & Egleston as Lead Counsel and Stull, Stull & Brody as Liaison Counsel for the class.

4. Lead Plaintiff shall file a consolidated complaint no more than thirty (30) days from the date of this Minute Order. The consolidated complaint shall be deemed the operative complaint, superseding all complaints filed in any of the actions consolidated hereunder. The consolidated complaint shall be treated as if it were the original complaint and the filing deadlines shall be determined by the filing date of the consolidated complaint. The Court will dismiss the individual complaints following the filing of the consolidated complaint. Defendants shall respond to the consolidated complaint only.

IT IS SO ORDERED.